IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

CARL BRUCE FANNING and BRONDENA FANNING,

    Plaintiffs,

vs.

NATIONAL CARRIERS; BRUCE NORMAN, JR.; and ALLSTATE INSURANCE COMPANY, INC.,

    Defendants.

CASE NO.: CV-05-2663

2005 OCT 14 PM 3:47

## COMPLAINT

### Statement of the Parties

1. Plaintiff Carl Bruce Fanning is over the age of 19 years and resides in Montgomery County, Alabama.

2. Plaintiff Brondena Fanning is over the age of 19 years and resides in Montgomery County, Alabama.

3. Defendant National Carriers (hereinafter "National") is a corporation doing business in Montgomery County, Alabama.

4. Defendant Bruce Norman, Jr., is over the age of 19 years and resides in Oklahoma City, Oklahoma.

5. Defendant Allstate Insurance Company, Inc. (hereinafter "Allstate") is a corporation, doing business in Montgomery County, Alabama.

### Statement of the Facts

6. On June 17, 2005, Plaintiff Carl Fanning was operating a vehicle on Interstate I-85 North in Montgomery County, Alabama.

1

7.  At said time and place, Defendant Norman was operating a tractor-trailer on Interstate I-85 North, a public road in Montgomery County, Alabama.

8.  At said time and place, Defendant National Carriers owned the commercial vehicle operated by Defendant Norman.

9.  At said time and place, Defendant Norman was employed by National Carriers.

10. At said time and place, Defendant Norman was acting within the line and scope of his employment with Defendant National Carriers.

11. Defendant Allstate issued a policy of insurance covering the vehicle operated by Carl Fanning, which provided for underinsured motorist benefits to Plaintiffs.

12. At all times material hereto, the policy of insurance with Allstate was in full force and effect.

## Count 1

13. Plaintiffs reallege paragraphs 1 through 12 of the Complaint as if set out here in full.

14. At said time and place, Defendant Norman failed to keep a proper lookout ahead of him.

15. At said time and place, Defendant Norman followed Plaintiff Carl Fanning's vehicle too close.

16. At said time and place, Defendant Norman operated the commercial truck and trailer in violation of ALA. CODE § 32-5A-89 and in violation of other Rules of the Road.

17. At said time and place, Defendant Norman failed to maintain control of the commercial vehicle.

18. At the aforesaid time and place, Defendant Norman negligently operated the tractor-trailer unit, causing it to collide with the rear of vehicle operated by Carl Fanning, causing it to rotate and being struck by Defendant's truck and trailer several times, and causing Mr. Fanning's vehicle to travel in the opposite direction on I-85 North.

19. As a proximate consequence of Defendant Norman's negligence, Plaintiff Carl Fanning was injured and damaged as follows: he suffered physical pain and will continue to do so in the future; he suffered bodily injuries; he was required to seek medical treatment for his injuries; he was required to undergo neck surgery; he incurred medical expenses and will incur medical expenses in the future; he has lost income and will continue to do so; he suffered mental anguish and will continue to do so in the future; his vehicle was damaged; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants National Carriers and Norman in such an amount of compensatory damages as a jury may award, and costs of this action.

## Count II

20. Plaintiffs reallege paragraphs 1 through 12 of the Complaint as if set out here in full.

21. At the aforesaid time and place, Defendant Norman wantonly operated the tractor-trailer unit, causing it to collide with the rear of vehicle operated by Carl Fanning, causing it to rotate and being struck by Defendant's truck and trailer several

times, and causing Mr. Fanning's vehicle to travel in the opposite direction on I-85 North.

22. As a proximate consequence of Defendant Norman's wantonness, Plaintiff Carl Fanning was injured and damaged as alleged in paragraph 19 above.

WHEREFORE, Plaintiffs demand judgment against Defendants National Carriers and Norman in such an amount of compensatory damages as a jury may award; a separate amount of punitive damages; and costs of this action.

## COUNT III

23. Plaintiffs reallege paragraphs 1 through 12 of the Complaint as if set out here in full.

24. This Count is based on Respondeat Superior in that at all times material hereto, Defendant Norman, an employee of National Carriers, was acting as agent, employee and/or servant of Defendant National Carriers and was acting within the line and scope of his employment with Defendant National Carriers.

25. In that Defendant Norman, an employee of Defendant National Carriers, was acting within the line and scope of his employment with Defendant National Carriers, Defendant National Carriers is liable for the actions of Defendant Norman and its employees.

WHERFORE, Plaintiffs demand judgment against Defendant National Carriers in such an amount as a jury may award for compensatory damages; a separate amount for punitive damages; and the costs of this action.

## Count IV

26. Plaintiffs reallege paragraphs 1 through 12 of the Complaint as if set out here in full.

27. Plaintiff Brondena Fanning is the wife and marital partner of Plaintiff Carl Fanning.

28. Plaintiff Carl Fanning was permanently injured and damaged as alleged in paragraph 19 above as a result of Defendants Norman and National Carriers' negligence or wantonness.

29. As a proximate consequence of Defendant National Carriers and Norman's negligence or wantonness, Plaintiff Brondena Fanning has lost and will continue to lose the love, affection, and services of her husband, Plaintiff Carl Fanning.

WHEREFORE, Plaintiff Brondena Fanning demands judgment against Defendants Norman and National Carriers in such an amount of damages as a jury may award, and the costs of this action.

## Count V

30. Plaintiffs reallege all prior paragraphs of the complaint as if set out here in full.

31. Defendant Allstate is the underinsured motorist insurance carrier for Plaintiff Carl Fanning.

32. Defendant Allstate has received notice of Plaintiffs' claims.

33. The full amount of this insurance policy, plus interest, is due from Defendant Allstate for Plaintiffs' injuries and damages as set forth hereinabove.

34. This count is based upon Code of Alabama § 32-7-23, as amended.

WHEREFORE, Plaintiffs demand judgment against Defendant Allstate for the full amount of insurance under each policy issued by Defendant and applicable hereto, interest, and costs of this action.

_____
JERE L. BEASLEY (BEA020)

_____
JULIA A. BEASLEY (BEA039)
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

6