IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL BRUCE FANNING and BRONDENA FANNING, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )    CASE NO.: 2:05-cv-01121-CSC |
| NATIONAL CARRIERS; BRUCE NORMAN, JR., and ALLSTATE INSURANCE COMPANY, INC. | ) ) ) ) ) |
| Defendants. | ) |

# MOTION TO DISMISS AND ANSWER

COME NOW Defendants **National Carriers, Inc.,** and **Bruce Norman, Jr.,** ("Defendants"), by and through their attorney, and respond to the respective counts of the Plaintiffs' Complaint as follows:

## MOTION TO DISMISS

1. Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Defendants move this Court to dismiss the Plaintiffs' Complaint filed against them, and as grounds for this motion states that the Complaint fails to state a claim against these Defendants upon which relief may be granted.

## ANSWER

### Statement of the Parties

1. Upon information and belief, these Defendants admit the material allegations of paragraph 1 of the Plaintiffs' Complaint. However, to the extent that paragraph 1 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 1 of the Complaint and demand strict proof thereof.

2. Upon information and belief, these Defendants admit the material allegations of paragraph 2 of the Plaintiffs' Complaint. However, to the extent that paragraph 2 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 2 of the Complaint and demand strict proof thereof.

3. These Defendants admit the material allegations of paragraph 3 of the Plaintiffs' Complaint. However, to the extent that paragraph 3 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 3 of the Complaint and demand strict proof thereof.

4. These Defendants admit the material allegations of paragraph 4 of the Plaintiffs' Complaint. However, to the extent that paragraph 4 of the Plaintiffs' Complaint alleges any liability against these Defendants in any particular amount, these Defendants deny the allegations of paragraph 4 of the Complaint and demand strict proof thereof.

5. No response is required of these Defendants to paragraph 5 of the Plaintiffs' Complaint. However, to the extent that paragraph 5 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 5 of the Complaint and demand strict proof thereof.

Statement of the Facts

6. Upon information and belief, these Defendants admit the material allegations of paragraph 6 of the Plaintiffs' Complaint. However, to the extent that paragraph 6 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 6 of the Complaint and demand strict proof thereof.

7. Upon information and belief, these Defendants admit the material allegations of paragraph 7 of the Plaintiffs' Complaint. However, to the extent that paragraph 7 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 7 of the Complaint and demand strict proof thereof.

8. Upon information and belief, these Defendants admit the material allegations of paragraph 8 of the Plaintiffs' Complaint. However, to the extent that paragraph 8 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 8 of the Complaint and demand strict proof thereof.

9. These Defendants admit the material allegations of paragraph 9 of the Plaintiffs' Complaint. However, to the extent that paragraph 9 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 9 of the Complaint and demand strict proof thereof.

10. Upon information and belief, these Defendants admit the material allegations of paragraph 10 of the Plaintiffs' Complaint. However, to the extent that paragraph 10 of the Plaintiffs' Complaint alleges any liability as to these Defendants in any particular amount, these Defendants deny the allegations of paragraph 10 of the Complaint and demand strict proof thereof.

11. No response is required of these Defendants to paragraph 11 of the Plaintiffs' Complaint. However, to the extent that paragraph 11 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 11 of the Complaint and demand strict proof thereof.

12.     No response is required of these Defendants to paragraph 12 of the Plaintiffs' Complaint. However, to the extent that paragraph 12 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 12 of the Complaint and demand strict proof thereof.

<u>Count I</u>

13.     For answer to Paragraph 13 of the Complaint, these Defendants adopt and incorporate by reference their answers to Paragraphs 1-12 above.

14.     These Defendants deny the material allegations of paragraph 14 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

15.     These Defendants deny the material allegations of paragraph 15 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

16.     These Defendants deny the material allegations of paragraph 16 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

17.     These Defendants deny the material allegations of paragraph 17 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

18.     These Defendants deny the material allegations of paragraph 18 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

19.     These Defendants deny the material allegations of paragraph 19 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

## Count II

20. For answer to paragraph 20 of the Complaint, these Defendants adopt and incorporates by reference their answers to Paragraphs 1-12 above.

21. These Defendants deny the material allegations of paragraph 21 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

22. These Defendants deny the material allegations of paragraph 22 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

## Count III

23. For answer to paragraph 23 of the Complaint, these Defendants adopt and incorporates by reference their answers to Paragraphs 1-12 above.

24. No response is required of these Defendants to paragraph 24 of the Plaintiffs' Complaint. However, to the extent that paragraph 24 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 24 of the Complaint and demand strict proof thereof.

25. No response is required of these Defendants to paragraph 25 of the Plaintiffs' Complaint. However, to the extent that paragraph 25 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 25 of the Complaint and demand strict proof thereof.

## Count IV

26. For answer to paragraph 26 of the Complaint, these Defendants adopt and incorporates by reference their answers to Paragraphs 1-12 above.

27. These Defendants deny the material allegations of paragraph 27 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

28. These Defendants deny the material allegations of paragraph 28 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

29. These Defendants deny the material allegations of paragraph 29 of the Plaintiffs' Complaint, as stated, and demand strict proof thereof.

### Count V

30. For answer to paragraph 30 of the Complaint, these Defendants adopt and incorporates by reference their answers to Paragraphs 1-29 above.

31. No response is required of these Defendants to paragraph 31 of the Plaintiffs' Complaint. However, to the extent that paragraph 31 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 31 of the Complaint and demand strict proof thereof.

32. No response is required of these Defendants to paragraph 32 of the Plaintiffs' Complaint. However, to the extent that paragraph 32 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 32 of the Complaint and demand strict proof thereof.

33. No response is required of these Defendants to paragraph 33 of the Plaintiffs' Complaint. However, to the extent that paragraph 33 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 33 of the Complaint and demand strict proof thereof.

34. No response is required of these Defendants to paragraph 34 of the Plaintiffs' Complaint. However, to the extent that paragraph 34 of the Plaintiffs' Complaint alleges any liability on these Defendants in any particular amount, these Defendants deny the allegations of paragraph 34 of the Complaint and demand strict proof thereof.

## **DEFENSES**

### FIRST DEFENSE

35. These Defendants deny each and every other material allegation contained within the Plaintiffs' Complaint and the Defendants demand strict proof thereof.

### SECOND DEFENSE

36. These Defendants plead not guilty to each and every charge contained in the Plaintiffs' Complaint.

### THIRD DEFENSE

37. These Defendants plead the general issue.

### FOURTH DEFENSE

38. These Defendants plead the affirmative defense of contributory negligence.

### FIFTH DEFENSE

39. These Defendants plead the affirmative defense of assumption of the risk.

### SIXTH DEFENSE

40. These Defendants plead lack of proximate cause.

### SEVENTH DEFENSE

41. These Defendants affirmatively contends that the Plaintiffs' injuries, if any, are due to their own acts, errors, and omissions, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiffs complain.

### EIGHTH DEFENSE

42. These Defendants affirmatively contends that the Plaintiffs' injuries, if any, are due to the acts, errors, and omissions of someone other than these defendants, and that no activity on the part of either of these Defendants proximately caused the injuries and damages of which the Plaintiffs complain.

### NINTH DEFENSE

43. To the extent that the Plaintiffs' Complaint contains a claim for punitive damages, these Defendants affirmatively aver that such a claim violates the Constitution of the United States and the Constitution of the State of Alabama.

### TENTH DEFENSE

44. These Defendants further say that the Plaintiffs have failed to prove the nature and extent of Plaintiffs' injuries and damages, and that a valid dispute exists between the parties as to the extent of the alleged injuries suffered by Plaintiffs.

### ELEVENTH DEFENSE

These Defendants affirmatively plead any other matter constituting an avoidance or affirmative defense that may be applicable in this case.

### TWELFTH DEFENSE

These Defendants reserve the right to amend this answer pending additional investigation and/or discovery.

Dated this the __**18th**__ day of January, 2006.

/s/ *Robert C. Black, Jr.*
ROBERT C. BLACK, JR.   (ASB-6459-C62R)
Attorney for Defendants
National Carriers, Inc. And Bruce Norman, Jr.

OF COUNSEL:

HILL, HILL, CARTER,
  FRANCO, COLE & BLACK, P.C.
425 SOUTH PERRY STREET
POST OFFICE BOX 116
MONTGOMERY, ALABAMA  36101-0116
(334) 834-7600
(334) 832-7419 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court of the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system which will send notification of such filing to counsel listed below and by placing a copy of the foregoing upon counsel listed below in the U.S. Mail, postage prepaid, on this the **18th** day of January, 2006.

Jere L. Beasley, Esq.
Julia A. Beasley, Esq.
**Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160

/s/ *Robert C. Black, Jr.*
OF COUNSEL