IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL BRUCE FANNING and BRONDENA FANNING, | * * * |
| Plaintiffs, | * * |
| vs. | CASE NO.: 2:05-cv-01121-MHT * * |
| NATIONAL CARRIERS, INC.; BRUCE NORMAN, JR., | * * * |
| Defendants. | * |

## PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT

On the basis on newly acquired information, Plaintiffs amend the original Complaint by adding the following party Defendant and the following Counts:

35. Defendant Rains & Sons Express, LLC, (hereinafter "Rains & Sons") is a corporation which had its principle place of business in Perkins, Oklahoma.

36. Plaintiffs reallege all prior paragraphs of and counts set forth in the original Complaint as to Defendant Rains & Sons.

## Additional Statement of the Facts

37. Prior to and on June 17, 2005, Defendant National Carriers had entered into a lease agreement with Rains & Sons. Said agreement was in effect on June 17, 2005.

38. At said time and place, Defendant Rains & Sons contracted with Defendant National Carriers to provide equipment and drivers, including Defendant Norman, to National Carriers.

1

## Count VI

39. Plaintiffs reallege all prior paragraphs of the original Complaint as if set out here in full.

40. This Count is based on Respondeat Superior in that at all times material hereto, Defendant Norman, was acting as agent, employee and/or servant of Defendant Rains & Sons and was acting within the line and scope of his employment with Defendant Rains & Sons.

41. In that Defendant Norman, an employee of Defendant Rains & Sons, was acting within the line and scope of his employment with said Defendant. Defendant Rains and Sons are liable for the actions of Defendant Norman as its employee and agent.

42. As a proximate consequence of Defendant Norman's negligence, Plaintiff Carl Fanning was injured and damaged as alleged in paragraph 19 of the original Complaint.

WHERFORE, Plaintiffs demand judgment against all Defendants in such an amount as a jury may award for compensatory damages; a separate amount for punitive damages; and the costs of this action.

## COUNT VII

43. Plaintiffs allege all paragraphs of the Complaint as if set out here in full.

44. The negligence or wantonness or other wrongful conduct of all Defendants combined and concurred to cause the aforesaid collision involving Carl Fanning.

45. As a proximate consequence of the combining and concurring negligence or wantonness or other wrongful conduct of all Defendants, Carl Fanning was injured and damaged as alleged in paragraph 19 of the original Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants in such an amount of punitive damages as a jury may award and the costs of this action.

/s/ Julia A. Beasley
JULIA A. BEASLEY (BEA039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 15th day of August, 2006.

*Julia Beasley*
OF COUNSEL

Mr. Robert C. Black
HILL, HILL, CARTER,
FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116